UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      v.<br><br>CORZETTE BELL,<br><br>         Defendant. | Case No. 89-cr-273-ABJ-MJS |

## REPORT AND RECOMMENDATION

In August 1989, Corzette Bell was indicted on one count of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii) (Count One), and one count of Using and Carrying a Firearm in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 942(c) (Count Two). Following a trial, a jury convicted Bell on both counts, and U.S. District Judge Gerhard Gesell sentenced Bell to five years (60 months) imprisonment on each count, to run consecutively, followed by a four-year term of supervised release. On appeal, the D.C. Circuit affirmed Bell's conviction and sentence. Then, about six years later, Bell and the government filed a joint motion under 28 U.S.C. § 2255, agreeing that the supporting evidence on Count Two was insufficient based on the Supreme Court's intervening decision in *Bailey v. United States*, 516 U.S. 137 (1995), and stipulating to vacate the conviction on Count Two. The court agreed, and Bell was released soon thereafter.

Now, some thirty years later, Bell moves for expungement of his criminal record. (*See* ECF No. 13.) At the Court's invitation, the Government filed a response. (ECF No. 17.) Through his motion, Bell proffers that his prior conviction "does not reflect the person that [he is] today" and asks the Court to consider his "personal growth and changes," including the fact that he "raised and supported eight children," "embraced a more positive lifestyle," and volunteered within the

community. Bell also believes expungement is important because it will allow him to pursue new employment prospects, including "entrepreneurial opportunities requiring a clearance." (*See* ECF No. 13.) These are all commendable developments and laudable goals, and the Court has no reason to doubt the sincerity of Bell's representations. But the unfortunate reality for Bell is that the Court's expungement power in this scenario—absent any express statutory authorization—is exceptionally limited. And the rationale he puts forward is simply insufficient to warrant expungement. So the undersigned must **RECOMMEND** that the Court **DENY** Bell's motion.[1]

There is "no 'standalone right to expungement of government records' … recognized in this Circuit." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015)). Instead, "[t]he court may order expungement where it is required or authorized by statute, or in exercise of its inherent equitable powers." *United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018) (citing *United States v. Archer*, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012)). And in the latter scenario, the Court's inherent equitable powers require evidence of "a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1979); *see also United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014) (same).

---

[1] This motion was referred to the undersigned for determination pursuant to Local Criminal Rules 57.17 and 59.1. (ECF No. 14.) There is no clear guidance, at least not in our Circuit, as to whether a Magistrate Judge can exercise jurisdiction to independently rule on a motion to expunge—at least absent the defendant having previously consented to the jurisdiction of a Magistrate Judge (*i.e.*, in a misdemeanor matter). The weight of authority outside this Circuit, though, is that a Magistrate Judge lacks such power. *See, e.g.*, *United States v. Steelwright*, 179 F. Supp. 2d 567, 569–72 (D. Md. 2002) (discussing cases). On balance, the undersigned thinks it better to take a more conservative approach to this jurisdictional question, such that its ruling takes the form of a report and recommendation, rather than an order.

Here, Bell does not invoke any specific statutory authority in seeking expungement. Neither does the Court discern one independently. So that means any relief would require the Court to exercise its inherent equitable powers. And the rationale that Bell puts forward—his positive strides and contributions to the community in the decades since his conviction, and his understandable desire to clear his name and "expand [his] professional options"—does not meet the high bar for relief. *See, e.g.*, *United States v. Ransom*, 2022 WL 12014012, at *2 (D.D.C. Mar. 17, 2022) ("[S]taying out of trouble following a conviction, or even becoming a model citizen, is simply insufficient to warrant expungement.") (collecting cases), *report and recommendation adopted*, 2022 WL 11736534 (D.D.C. Oct. 20, 2022); *United States v. Graham*, 2022 WL 2713276, at *2 (D.D.C. July 13, 2022) ("Consistently, courts in this Circuit have denied motions to expunge that rest on a defendant's desire to secure desired employment.") (collecting cases); *United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("Inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction."). Simply put, the Court is powerless to grant the relief that Bell seeks on the basis he requests here. *Abdelfattah*, 787 F.3d at 536 ("A court does not fashion equitable remedies without first finding a violation of an established legal right has occurred or is imminent."); *Webster*, 606 F.2d at 1230.

For these reasons, the undersigned **RECOMMENDS** that the Court **DENY** Bell's motion.

Dated: June 13, 2025

                                                    MATTHEW J. SHARBAUGH
                                                    United States Magistrate Judge

\* \* \*

The Court hereby advises that, pursuant to 28 U.S.C. § 636(b)(1)(C) and LCrR 59.1(b), any party who objects to a report and recommendation must file a written objection within fourteen (14) days of the party's receipt of the report and recommendation. The written objections must specifically identify the portion of the report or recommendation to which objection is made and the basis for such objections. Failure to file timely objections to the findings and recommendations set forth in this report may waive that party's right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).